TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Chief Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
JAMES C. HUGHES (Cal Bar No. 263878)
Assistant United States Attorneys
Major Frauds Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0756
        Facsimile: (213) 894-6265
        E-mail: Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>SEAN DAVID MORTON,<br><br>              Defendant. | No.  2:15-cr-00611-SVW<br>         2:20-cv-11504-SVW<br><br>OPPOSITION TO DEFENDANT SEAN DAVID MORTON'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; DECLARATION; EXHIBITS |

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Valerie L.

Makarewicz and James C. Hughes, hereby files its Opposition to

Defendant Sean David Morton's Motion to Vacate, Set Aside or Correct

Sentence pursuant to 28 U.S.C. § 2255, Docket No. 346 (hereinafter

"2255 Motion").

1    This Opposition is based upon the attached memorandum of points

2 and authorities, the declaration of Valerie L. Makarewicz and

3 exhibits attached thereto, the files and records in this case, and

4 such further evidence and argument as the Court may permit.

5 Dated: February 26, 2021          Respectfully submitted,

6                                   TRACY L. WILKISON
                                    Acting United States Attorney
7                                   BRANDON D. FOX
                                    Assistant United States Attorney
8                                   Chief, Criminal Division

9                                   _____/s/_____
                                    VALERIE L. MAKAREWICZ
10                                  JAMES C. HUGHES
                                    Major Frauds Section
11                                  Assistant United States Attorney

12                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

DESCRIPTION                                                          PAGE

I.    INTRODUCTION....................................................1

II.   STATEMENT OF FACTS..............................................1

      A.    Defendant's Crimes.......................................1

      B.    Pre-trial proceedings relevant to 2255 Motion............1

      C.    Government's case-in-chief relevant to 2255 Motion.......2

      D.    Conviction and Sentencing................................3

      E.    Defendant's Appeal.......................................3

      F.    2255 Motion..............................................5

III.  RELEVANT LAW....................................................6

      A.    Bar on Relitigation in 2255 Motions......................6

      B.    Procedural Default.......................................8

IV.   ARGUMENT.......................................................10

      A.    Many of defendant's claims in his 2255 Motion were
            raised on direct appeal and subsequently rejected.......10

            1.    Defendant's Claim in 2255 Motion: The charges are
                  void for a widespread discriminatory policy of
                  selective prosecution............................10

            2.    Defendant's Claim in 2255 Motion: Defendant was
                  denied discovery.................................11

            3.    Defendant's Claim in 2255 Motion: The 371
                  (conspiracy) and 287 (false claims against the
                  United States) charges are void for lack of
                  matter jurisdiction, and the 514 counts are void
                  for infringing on state sovereignty and for
                  exceeding statutory jurisdiction and
                  Constitutional authority granted to Congress in
                  Article 1 section 8..............................12

      B.    Defendant's remaining claims raised in his 2255 Motion
            were not raised at trial and on direct appeal and
            thus, may not be raised on collateral review............12

            1.    Defendant's claim in 2255 Motion: IRS employee
                  Kirsty Morgan, falsified testimony and fabricated
                  evidence regarding penalties assessed against him
                  by the IRS.......................................13

i

**TABLE OF CONTENTS (CONTINUED)**

DESCRIPTION                                                                PAGE

       2.   Defendant's Claim in 2255 Motion: The jury pool
           was tainted, and a particular juror was a
           political operative planted by the government to
           convict defendant...................................14

   C.   Miscellaneous issues....................................15

       1.   Defendant's Claim in 2255 Motion: The
           witness/exhibit list given to the jury for its
           deliberations unfairly described evidence, and
           the government improperly submitted evidence to
           the jury that the Court ordered to be redacted......15

       2.   Defendant's Claim in 2255 Motion: Vindictive
           prosecution.........................................16

       3.   Defendant cannot use 2255 to challenge his order
           of restitution......................................18

   D.   This Court Should Deny Any Request for a Certificate
       of Appealability........................................18

V.   CONCLUSION.....................................................19

ii

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                PAGE

Cone v. Bell, 556 U.S. 449 (2009)...................................10

DuPont v. United States, 76 F.3d 108 (6th Cir. 1996)................8

EEOC v. International Longshoremen's Ass'n, 623 F.2d 1054(5th
     Cir. 1980).....................................................8

Foster v. Chatman, 136 S. Ct. 1737 (2016)..........................7

Gonzalez v. Thaler, 565 U.S. 134 (2012)............................8

Massaro v. United States, 538 U.S. 500 (2003)......................8

Murray v. Carrier, 477 U.S. 478 (1986)...........................8,9

Rozier v. United States, 701 F.3d 681 (11th Cir. 2012).............7

Ryan v. Gonzales, 568 U.S. 57 (2013)).............................13

Sejman v. Warner-Lambert Co. Inc., 845 F.2d 66 (4th Cir. 1988).....8

Slack v. McDaniel, 529 U.S. 473 (2000)............................19

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998).......9

Stone v. Powell, 428 U.S. 465 (1976)...............................8

Strickland v. Washington, 466 U.S. 668 (1984).....................10

Sunal v. Large, 332 U.S. 174 (1947))...............................8

United States v. Bjorkman, 270 F.3d 482 (7th Cir. 2000)............9

United States v. Burch, 169 F.3d 666 (10th Cir. 1999)..............9

United States v. Cotton, 535 U.S. 625 (2002).......................9

United States v. Frady, 456 U.S. 152 (1982)........................9

United States v. Gallegos-Curiel, 681 F.2d 1164 (9th Cir. 1982)...16

United States v. Goodwin, 457 U.S. 368 (1982).....................16

United States v. Lacey, 378 F. Supp. 3d 814 (D. Ariz. 2019).......17

United States v. Manzo, 675 F.3d 1204 (9th Cir. 2012)..............7

United States v. Rosales-Lopez, 617 F.2d 1349 (9th Cir. 1980).....16

United States v. Thiele, 314 F.3d 399 (9th Cir. 2002).............18

iii

United States v. United States Smelting Refining & Mining Co.,
    339 U.S. 186 (1950)...........................................7

Wainwright v. Sykes, 433 U.S. 72 (1977)...........................8

White v. United States, 371 F.3d 900 (7th Cir. 2004)..............7

Withrow v. Williams, 507 U.S. 680 (1993)..........................7

iv

1

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

**I.   INTRODUCTION**

3

**II.  STATEMENT OF FACTS**

4

    **A.   Defendant's Crimes**

5

    On January 27, 2016, the government filed its first superseding

6

indictment ("FSI") charging defendant with violations of 18 U.S.C. §§

7

371 (conspiracy to defraud the United States), 287 (making false

8

claims against the United States), and 514 (passing false financial

9

instruments).  (CR 17.)  The government's conspiracy charge (count

10

one) centered around defendant's submission of numerous false claims

11

and fictitious financial instruments to the IRS between 2009 and

12

2013.  (<u>Id</u>.)  Defendant was also charged with several substantive

13

criminal violations based on the acts alleged in the conspiracy

14

charge.  Specifically, the FSI charged two violations of § 287 based

15

on defendant's submission of false refund claims on November 19,

16

2010, and June 26, 2012 (counts two and three, respectively), and

17

violations of § 514 based on defendant's submission of a "Non-

18

Negotiable Discharging Bond and Indemnity" to the IRS on November 5,

19

2010, and April 2, 2013 (counts six and seven).  (<u>Id</u>.)  The FSI also

20

charged defendant with 24 violations of § 514 based on his

21

preparation of fictitious financial instruments on behalf of other

22

individuals between April 12, 2013 and July 24, 2015 (counts nine

23

through thirty-two). (<u>Id</u>.)

24

    **B.   Pre-trial proceedings relevant to 2255 Motion**

25

    On March 10, 2017, defendant filed a series of motions and other

26

filings that included a motion for a bill or particulars and motion

27

to dismiss with prejudice. (CR 115-120).  One issue raised by

28

defendant in his bill of particulars was a claim that he had not received any discovery from the government. (Id.)

On March 14, 2017, the government opposed defendant's bill of particulars, and in response to defendant's allegation regarding discovery, the government attached as exhibits copies of 16 letters sent by the government to defendant disclosing the discovery in the case.  (CR 128.)

On March 24, 2017, defendant filed a motion to strike all documents he had filed on March 7, 2017. (CR 158.)  On March 27, 2017, defendant again gave notice that he withdrew all motions previously entered on the record.  (CR 163.)

On March 29, 2017, the court issued an order regarding a variety of pretrial issues discussed at the pretrial conference.  (CR 171.) In such order, the court noted that defendant had filed motions to either withdraw or strike every motion he had filed and indicated his desire to withdraw all of his previously submitted motions during the pretrial conference. (Id.) Based upon defendant's request, the court denied all motions enumerated in the minute order. (Id.)

### C.   Government's case-in-chief relevant to 2255 Motion

The trial of defendants commenced on April 4, 2017, and concluded on April 7, 2017.  In its case-in-chief, the government introduced testimony and documentary evidence showing that defendants engaged in a systematic effort to defraud the IRS through the repeated submission of fraudulent claims and financial instruments. In establishing defendants' intent to defraud the United States, the government relied primarily upon the transparent falsity of the claims themselves, as well as evidence of defendants' increasingly brazen behavior in the face of numerous warnings.

2

Of relevance to defendant's 2255 Motion, through the testimony of IRS employee Kristy Morgan ("Morgan"), the government provided a chronology of the various false tax returns, refund claims, and fictitious financial instruments filed by defendants between March 2009 and April 2013, as well as some of the responsive letters issued by the IRS explaining to defendants how their claims were frivolous and without merit.  (Exhibit 1, pp. 127-76.[1])

### D.   Conviction and Sentencing

Defendant was found guilty on counts one, four, five, eight, and thirty-three through fifty-six of the FSI on April 7, 2017. (CR 195).  Defendant was subsequently sentenced to 72 months imprisonment on September 18, 2017.  (CR 278.)

### E.   Defendant's Appeal

Defendant filed a timely notice of appeal on September 28, 2018. (CR 287.)

Defendant's appeal was based on several issues, including, whether defendant knowingly and voluntarily exercised his right to waive counsel and represent himself where the district court conducted a constitutionally sufficient *Faretta* colloquy, and whether defendant was denied his Sixth Amendment right to counsel at sentencing.  Of relevance to the 2255 Motion, defendant raised a host of miscellaneous and meritless issues in his appeal, all of which were previously made and rejected by this court during pre-trial motion practice and during the trial, such as:

---

[1] Morgan was recalled on April 5, 2017 and briefly testified about topics that are not at issue in this 2255 Motion.

3

- The "514 charges should be dropped because Congress wrote location into the statues and the charges were not 'in the United States' or 'using interstate commerce' as Congress requires to gain proper justification.  Exhibit E, p. 5.

- Defendants were not charged with a <u>Klein</u> conspiracy in the first superseding indictment and as such, the district court's jurisdiction was not legally sufficient. Exhibit E, pp. 5-7.

- Defendant's convictions under 18 U.S.C. § 287 should be vacated because the false claims at issue in this case were "directly caused and presented electronically by tax preparers" and "by law Sean is not willfully culpable or liable for acts he was advised to take in furtherance of the original claims."  Exhibit E, p. 13.

- Defendant did not receive discovery from the government. Exhibit E, p. 10.

- Defendant was selectively prosecuted by the government and engaged in outrageous conduct warranting dismissal of the case.  Exhibit E, p. 8, 10, 13,

Defendant's conviction was affirmed by the Ninth Circuit in June 2020. (CR 339). In its Memorandum Opinion affirming defendant's conviction, the Ninth Circuit found that:

- Defendant was unpersuasive in his argument that the indictment did not properly charge a conspiracy under § 371

4

and that the evidence was insufficient to sustain his
conspiracy conviction.  Exhibit H, p. 4.

- Defendant's arguments that the evidence was insufficient to
  sustain his convictions under §§ 287 and 514(a) had no merit.
  Exhibit H, p. 4.

- The record did not support defendant's claim that the
  government engaged in outrageous conduct or selectively
  prosecuted him.  Exhibit H, p. 5.

- The Court rejected defendant's miscellaneous challenges as
  unsupported by the record and applicable law. Exhibit H, p.
  6.

**F.   2255 Motion**

In defendant's 2255 Motion, he raises the following claims:

- The charges against defendant are void for a widespread
  discriminatory policy of selective prosecution and/or a
  claim of one selective prosecution – defendant alleged that
  he was targeted for prosecution as a "sovereign citizen"
  and was prosecuted differently than Gordon Hall and Brandon
  Adams, the persons who developed schemes that defendant
  adopted as a client of theirs.  2255 Motion, pp. 6-14.

- The charges are void for intentional malicious fraud on the
  court:

  o The government's witness, IRS employee Kirsty Morgan,
    falsified testimony and fabricated evidence regarding
    penalties assessed against him by the IRS. 2255
    Motion, pp. 14-22.

- o The jury pool was tainted, and a particular juror was a political operative planted by the government to convict defendant.  2255 Motion, pp. 22-24.
  - o The witness/exhibit list given to the jury for its deliberations unfairly described evidence, and the government improperly submitted evidence to the jury that the Court ordered to be redacted.  2255 Motion, pp. 24-25.
  - o Defendant was denied discovery.  2255 Motion, p. 26.
  - o The government mislead the court to think defendant was the architect of the Form 1099-OID and bond scheme.  2255 Motion, p. 27.
  - o There was no victim in this case and the order of restitution should be voided.  2255 Motion, pp. 28-29
- The section §§ 371 (conspiracy) and 287 (false claims against the United States) charges are void for lack of matter jurisdiction, and the 514 counts are void for infringing on state sovereignty and for exceeding statutory jurisdiction and Constitutional authority granted to Congress in Article 1 section 8.  2255 Motion, pp. 29-35.
- The charges are void for vindictive prosecution. 2255 Motion, pp. 35-37.

## III.  RELEVANT LAW

### A.   Bar on Relitigation in 2255 Motions

The Court is precluded from reviewing a defendant's sentence under 28 U.S.C. § 2255 where a federal defendant did litigate a claim in the original criminal proceeding. See Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016) (Alito, J., concurring) ("[A]t least as a

general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal.") (citing cases); Withrow v. Williams, 507 U.S. 680, 720–21 (1993) (Scalia, J., concurring in part, dissenting in part); see also White v. United States, 371 F.3d 900, 902 (7th Cir. 2004) ("[T]he courts . . . forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal."); Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012) (citing cases).

Most federal courts view the bar on relitigation as an application of the law of the case doctrine, which generally prevents a court from reconsidering an earlier decision rendered in the same litigation. See, e.g., White, 371 F.3d at 902; United States v. Manzo, 675 F.3d 1204, 1211 n.3 (9th Cir. 2012). So understood, the bar is not absolute. Instead, law of the case is a "discretionary rule of practice," United States v. United States Smelting Refining & Mining Co., 339 U.S. 186, 199 (1950), and not "a straitjacket that might cause a miscarriage of justice." White, 371 F.3d at 902. Exceptions exist where "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Sejman v. Warner-Lambert Co. Inc., 845 F.2d 66, 69 (4th Cir. 1988) (quoting EEOC v. International Longshoremen's Ass'n, 623 F.2d 1054, 1058 (5th Cir. 1980)). To overcome the bar on relitigation, federal prisoners must demonstrate "highly exceptional circumstances." DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996) (quotation omitted).

1

   **B.   Procedural Default**

2    Procedural default reflects the "general rule" that claims not

3 raised at trial or on direct appeal "may not be raised on collateral

4 review." Massaro v. United States, 538 U.S. 500, 504 (2003). Courts

5 frequently justify this rule on the ground that "[Section] 2255[ ]

6 'will not be allowed to do service for an appeal.'" Stone v. Powell,

7 428 U.S. 465, 477 n.10 (1976) (quoting Sunal v. Large, 332 U.S. 174,

8 178 (1947)).

9    To adequately preserve a claim for collateral review, a federal

10 prisoner must timely raise the issue at trial and on direct appeal.

11 See, e.g., Wainwright v. Sykes, 433 U.S. 72, 85-86 (1977) (claim

12 defaulted when no contemporaneous objection was lodged at trial);

13 Murray v. Carrier, 477 U.S. 478, 490-92 (1986) (claim not raised on

14 direct appeal is procedurally defaulted). Objecting at trial but not

15 on appeal, or vice versa, does not suffice.

16    Jurisdictional errors cannot be procedurally defaulted. See,

17 e.g., Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("Subject-matter

18 jurisdiction can never be waived or forfeited. The objections may be

19 resurrected at any point in the litigation."). While the general

20 principle is well established, its application may prove problematic

21 because the term "[j]urisdiction" has "too many[ ] meanings." Steel

22 Co. v. Citizens for a Better Env't, 523 U.S. 83, 90 (1998) (internal

23 quotation marks omitted). Historically, the Supreme Court construed

24 the word "jurisdiction" expansively in the post-conviction context to

25 permit review of obvious constitutional errors. After endeavoring to

26 "bring some discipline" to the proper use of this term, the Supreme

27 Court has confined "jurisdiction" to a court's "statutory or

28 constitutional power to adjudicate the case." United States v.

8

1  Cotton, 535 U.S. 625, 630 (2002) (quoting Steel Co., 523 U.S. at 89)

2  (emphasis omitted). Thus, this exception to the procedural default

3  rule should apply only to errors that actually negate subject-matter

4  jurisdiction. See, e.g., United States v. Burch, 169 F.3d 666, 668

5  (10th Cir. 1999). Such errors are rare as "district judges always

6  have subject-matter jurisdiction [under 18 U.S.C. § 3231] based on

7  any indictment purporting to charge a violation of federal criminal

8  law." United States v. Bjorkman, 270 F.3d 482, 490-91 (7th Cir. 2000)

9  (per curiam) (emphasis omitted).

10      The Supreme Court has recognized two exceptions that allow

11  judicial review of otherwise defaulted claims. Under the first

12  exception, no procedural bar exists if the prisoner can show both

13  cause for his default and actual prejudice resulting from the alleged

14  error. See United States v. Frady, 456 U.S. 152, 170 (1982). The

15  "cause" standard generally requires proof that "some objective factor

16  external to the defense" prevented the defendant from raising a

17  forfeited claim. Murray v. Carrier, 477 U.S. 478, 488 (1986).

18  Prosecutorial misconduct that suppresses evidence constitutes one

19  such impediment. In addition to showing "cause," a section 2255

20  movant who seeks to excuse a procedural default must show that he

21  suffered "actual prejudice" from the error alleged. Carrier, 477 U.S.

22  at 489; see Frady, 456 U.S. at 170 (stating error must have "worked

23  to [defendant's] actual and substantial disadvantage") (emphasis

24  omitted). Such prejudice exists only when there is a "reasonable

25  probability" that, absent the error, the result of the trial or

26  appeal would have been different. Carrier, 477 U.S. at 488; see also

27  Strickland v. Washington, 466 U.S. 668, 694 (1984) (applying same

28

test to ineffective assistance of counsel claim); <u>Cone v. Bell</u>, 556 U.S. 449, 469–70 (2009).

**IV. ARGUMENT**

Defendant's challenges to his convictions and sentence have no merit. The issues defendant raises in his 2255 Motion have either already been raised in his direct appeal and decided against him, or were not preserved at trial and on direct appeal, and thus, may not be raised on collateral review via his 2255 Motion, as he has procedurally defaulted these claims.  As such, defendant's 2255 Motion should be denied.

**A.   Many of defendant's claims in his 2255 Motion were raised on direct appeal and subsequently rejected.**

Most of the claims made in defendant's 2255 Motion he already made in his direct appeal, with all being rejected by the Ninth Circuit.  As the Ninth Circuit's decision rejecting these claims are law of defendant's case, defendant is precluded from litigating them again via his 2255 Motion.

The following is a delineation of the claims made by defendant in his 2255 Motion, along with citations to defendant's Opening/Reply Brief to the Ninth Circuit, the government's answering brief to these previously litigated claims, and the Ninth Circuit's consideration/rejection of said claims in its Memorandum Opinion:

> 1.   <u>Defendant's Claim in 2255 Motion: The charges are void for a widespread discriminatory policy of selective prosecution.</u>

Defendant alleged that he was targeted for prosecution as a "sovereign citizen" and was prosecuted differently than Gordon Hall

1  and Brandon Adams, the persons who developed schemes that defendant

2  adopted as a client of theirs.  2255 Motion, pp. 6-14.

3      In defendant's Opening Brief to the Ninth Circuit, defendant

4  raised this issue of alleged disparate treatment by the government

5  from Hall and Adams.  Exhibit E, p. 8, 10.  Defendant already argued

6  that he was charged differently than Hall and Adams, and was

7  selectively prosecuted due to his political ideology.  Id. Further,

8  in defendant's reply, he again repeats his claim that he was

9  selectively prosecuted.  Exhibit G, p. 5.

10     In its Answering Brief, the government argued that defendant was

11 neither selectively prosecuted nor prosecuted because of his

12 political beliefs.  Exhibit F, p. 52-54.

13     The Ninth Circuit rejected defendant's claim pertaining to

14 selective prosecution as unsupported by the record and applicable

15 law, and found that the government did not engage in outrageous

16 conduct or selectively prosecute him.  Exhibit H, pp. 5-6.

17         2.   Defendant's Claim in 2255 Motion: Defendant was denied

18              discovery.

19     Defendant renews a tired argument that he did not receive

20 discovery.  2255 Motion, pp. 5, 26.

21     As noted above, defendant's claim that he failed to receive

22 discovery was one he repeatedly raised prior to trial.  He again

23 raised this issue in his direct appeal, claiming he never received

24 any discovery whatsoever and that the government withheld Brady

25 evidence.  Exhibit E, pp. 2, 10, 12; Exhibit G, p. 2, 5.  The

26 government provided extensive evidence of the discovery it sent to

27 defendant.  Exhibit F, pp. 15-19, 50-51.  Again, the Ninth Circuit

28

rejected defendant's assertion as unsupported by the record and applicable law.  Exhibit H, p. 6.

        3.    Defendant's Claim in 2255 Motion: The 371 (conspiracy) and 287 (false claims against the United States) charges are void for lack of matter jurisdiction, and the 514 counts are void for infringing on state sovereignty and for exceeding statutory jurisdiction and Constitutional authority granted to Congress in Article 1 section 8.

Again, defendant assets in his 2255 Motion, pp. 29-35, that all counts against him in the first superseding indictment are void because the Court does not have jurisdiction over these crimes.

Defendant made the same allegation in his opening brief to the Ninth Circuit.  Exhibit E, pp. 2, 4-7.  He renewed the issue in his reply.  Exhibit G, pp. 2-5.  The government rejected defendant's claims of lack of jurisdiction as 18 U.S.C. § 3231 provided the Court with original and exclusive jurisdiction of all offenses against the laws of the United States.  Ex F, pp. 38-40.  The Ninth Circuit rejected defendant's arguments and found that the evidence presented at trial was sufficient to sustain his convictions of these crimes.  Exhibit H, pp 4, 6.

    **B.   Defendant's remaining claims raised in his 2255 Motion were not raised at trial and on direct appeal and thus, may not be raised on collateral review.**

The Supreme Court has unanimously cautioned that 'federal habeas is a guard against extreme malfunctions in the . . . criminal justice systems, not a substitute for ordinary error correction through appeal.'"  Ryan v. Gonzales, 568 U.S. 57, 133 S.Ct. 696, 708 (2013)).

The Court should deny defendant's remaining claims as defendant failed to preserve these claims adequately for collateral review by timely raising the issue at trial and on direct appeal. Therefore, these claims have been procedurally defaulted and defendant is barred from raising them for the first time on collateral review.

Defendant does not allege that any of his defaulted claims rest on precedent which did not exist at the time of his direct appeal. Likewise, the factual bases of defendant's claims were known to him either before or while his appeal was pending. Further, defendant does not allege any external impediment that prevented him from asserting the claims on direct appeal. Therefore, defendant has not shown cause for his failure to assert the following claims on direct appeal. A district court need not address both the cause and prejudice prongs if the defendant fails to satisfy one. See <u>Frady</u>, 456 U.S. at 167.

      1.   <u>Defendant's Claim in 2255 Motion: IRS employee Kirsty Morgan, falsified testimony and fabricated evidence regarding penalties assessed against him by the IRS.</u>

Defendant asserts that IRS employee Kristy Morgan, falsely testified. 2255 Motion, pp. 15-22.

As described above, IRS employee Kristy Morgan testified about defendants' submissions to the IRS and certain frivolous filing penalties assessed by the IRS against defendant. Exhibit A, pp. 151-54, 174. At no point did defendant make any objection to Morgan's testimony regarding her testimony on the frivolous filing penalties that the IRS assessed against defendant. Furthermore, at no point did defendant question Morgan about the frivolous filing penalties when defendant cross examined her. Exhibit A, pp. 189-203. And

thereafter, defendant never raised this issue again until the instant 2255 Motion, not mentioning this issue in his direct appeal. 2255 Motion, pp. 14-22.

      2.   <u>Defendant's Claim in 2255 Motion The jury pool was tainted, and a particular juror was a political operative planted by the government to convict defendant.</u>

Defendant argues that a juror selected in this case, Katie Ingebretson, was a planted political operative of the government. 2255 Motion 22-24.  Not only is that untrue, but upon questioning from the court, Ms. Ingebretson answered that she would be fair and impartial to both sides of the case.  Defendant did not make any objection to this juror at the time of her voir dire, or thereafter, and agreed that she could be empaneled as a juror.  Defendant did not request to ask her any further questions, as he did regarding other prospective jurors, did not request that she be excused for cause, did not object to her as a juror, as he did for other jurors. Exhibit D, pp. 54, 63, 68, 70, 72.  At the end of voir dire, defendant accepted the jury as constituted with Ms. Ingebretson a member. Exhibit D, p. 81.

Furthermore, defendant's unsupported claim that she was somehow partial to the government's case was also not raised in defendant's direct appeal.  As such, under the rule of procedural default, defendant is precluded from litigating this issue in his collateral attack.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**C.   Miscellaneous issues**

1.   <u>Defendant's Claim in 2255 Motion: the witness[2]/exhibit</u>
<u>list given to the jury for its deliberations unfairly</u>
<u>described evidence, and the government improperly</u>
<u>submitted evidence to the jury that the Court ordered</u>
<u>to be redacted.</u>

Defendant's assertions that he was harmed by the jury receiving an exhibit list during its deliberations, or parts of an exhibit that was ordered to be redacted, are untrue.  2255 Motion, pp. 24-25.

During the deliberations, the jury made a verbal request through the Clerk to have a copy of the exhibit list.  Exhibit C, p. 98. Initially, upon examining the government's exhibit list, counsel for the co-defendant made an objection regarding some of the government's descriptions being suggestive (i.e., describing a bond as a "false" financial instrument), and defendant objected to the jury getting the exhibit list at all.  Exhibit C, pp. 99, 100, 101, 102.  After more consideration, the Court allowed the jury to receive the exhibit list on the proviso that the government make redactions to any suggestive descriptions and confer with defendant and co-defendant's attorney. Exhibit C, p. 106.  However, while the court and counsel were preparing the revised exhibit list, the jury notified the Court that it had reached a verdict.  As such, the jury never received any exhibit list, revised or otherwise.  Exhibit C, p. 106.

Though defendant made his objection to the jury receiving an exhibit list, none was provided, therefore, defendant's claim that

---

[2] The jury never received a witness list, nor was that discussed among the parties during the course of trial.

15

1  his sentence should be vacated on this issue should be denied as
2  moot.

3       Barbara Lavender was the government's witness called to testify
4  about the bond package she purchased from defendant.  The government
5  moved for Exhibit 144 to be admitted into evidence.  Exhibit B. p.
6  222.  However, counsel for defendant's co-defendant objected to the
7  entirety of the exhibit being admitted into evidence, and the Court
8  ruled that only two pages of the exhibit would be admitted into
9  evidence.  Id.

10      While the government maintains that it complied with the court's
11  ruling and only had two pages of exhibit 144 sent to the jury for its
12  examination, the Court need not decide this issue, as defendant
13  neither preserved this issue at trial and direct appeal.  As such, he
14  is procedurally defaulted from using his 2255 Motion to litigate this
15  unfounded allegation.

16           2.   Defendant's Claim in 2255 Motion: Vindictive
17                prosecution

18      Defendant claims he was subject to vindictive prosecution.  2255
19  Motion, pp. 35-37.

20      As the court is aware, vindictive prosecution is when
21  "prosecutorial actions stem from an animus toward the exercise of a
22  defendant's rights." United States v. Gallegos-Curiel, 681 F.2d 1164,
23  1169 (9th Cir. 1982). Vindictive prosecution is generally found where
24  the government has occasion to re-indict or re-try a defendant after
25  the exercise of a procedural right. United States v. Rosales-Lopez,
26  617 F.2d 1349, 1357 (9th Cir. 1980).

27      Defendants must show either direct evidence of a vindictive
28  motive or establish a presumption of vindictiveness. United States v.

                                  16

1    <u>Goodwin</u>, 457 U.S. 368, 380-81 (1982). Defendant has not presented

2    actual evidence. "The presumption [of vindictiveness] applies only to

3    the extent it reflects the very real likelihood of actual

4    vindictiveness." <u>Gallegos-Curiel</u>, 681 F.2d at 1167. "A sequence of

5    events is not enough; the likelihood of retaliation is crucial." <u>Id</u>.

6    at 1171. A prosecutor is especially free prior to trial to exercise

7    discretion in how he or she goes about prosecuting cases. <u>See</u>

8    <u>Goodwin</u>, 457 U.S. at 382, 102 S.Ct. 2485 ("A prosecutor should remain

9    free before trial to exercise the broad discretion entrusted to him

10   to determine the extent of the societal interest in prosecution.").

11   <u>United States v. Lacey</u>, 378 F. Supp. 3d 814, 821-22 (D. Ariz. 2019).

12        The government has not vindictively prosecuted defendant as it

13   has neither re-indicted nor re-tried defendant after he exercised a

14   right.  The government was successful in defendant's direct appeal

15   and the Ninth Circuit affirmed defendant's convictions. Exhibit E.

16   To the extent defendant is referring to the additional charges

17   pursuant to 18 U.S.C. § 514 that were added when the government

18   superseded, defendant did not exercise any procedural rights in

19   between the time the grand jury returned the original indictment and

20   the first superseding indictment, as it was sealed.  (CR 1, 6, 17.)

21        To the extent defendant means the government engaged in

22   outrageous conduct, defendant raised this issue in his direct appeal,

23   the government denied it engaged in such conduct and the Ninth

24   Circuit agreed with the government.  Exhibit E, p. 8; Exhibit F, p.

25   60; Exhibit H, p. 5.  The Court should deny defendant's motion on

26   this claim, as it has already been litigated extensively, in the

27   government's favor.

28

3.   Defendant cannot use 2255 to challenge his order of restitution

Defendant argues that his restitution order should be voided. 2255 Motion, pp. 28-29.  The court ordered restitution to IRS for the amount of refund that defendant received after filing a false return using his Form 1099-OID scheme.  The Court was correct in ordering restitution in the amount in the amount of $480,322.55 for defendant's 2008 income tax return was issued by the IRS and transferred into defendants' joint account at Washington Mutual Bank, account 3324. However, an order imposing restitution does not constitute "custody," and such orders are not cognizable under Section 2255. United States v. Thiele, 314 F.3d 399, 402-03, n.3 (9th Cir. 2002).

**D.   This Court Should Deny Any Request for a Certificate of Appealability**

As discussed above, none of defendant's claims has merit.  The Court must also address whether defendant should be granted a certificate of appealability ("COA"), which is required if defendant is to appeal this Court's ruling.  See Rule 11 Governing § 2255 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"); 28 U.S.C. § 2253(c)(1)(B).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The Supreme Court has held that this standard means a showing that 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further.'"  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

Defendant has not made the requisite showing with respect to any of the claims in the Motion.  Accordingly, the government submits that the Court should deny any request for a COA.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's 2255 Motion.

In the event that the Court does not deny defendant's 2255 Motion in its entirety based on the relitigation and procedural default bars enumerated by the government above, the United States requests that the Court order the government to address the merits of defendant's claims.